UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW BORTNICK,

    Plaintiff,

v.

SCHACHTER PORTNOY, L.L.C., CALVARY SPV I, LLC and CALVARY INVESTMENTS, LLC,

    Defendants.

15 CV 1499

Civil Action No.:



## COMPLAINT
(Jury Trial Demanded)

    Plaintiff, Matthew Bortnick ("Plaintiff"), brings this action to secure redress against unlawful debt collection practices engaged in by defendant, Schachter Portnoy, L.L.C., ("Schachter"), Calvary SPV I, LLC ("Calvary SPV I") and Calvary Investments, LLC ("Calvary Investments" and together with Schachter and Calvary SPV I "Defendants") and alleges as follows:

### JURISDICTION AND VENUE

1.     The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. §1692k.

2.     Venue in this Court is proper because (a) Defendants are located in this venue and transact business in this venue.

### NATURE OF THIS ACTION

3.     In this action Plaintiff seeks, among other things, statutory and actual money damages against Defendants for, *inter alia*, violations of the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.* [hereinafter "FDCPA"]).

## PARTIES

4. Plaintiff is a natural person residing in Tel Aviv, Israel.

5. Plaintiff is a consumer as that term is defined by §1692 (a)(3) of the FDCPA, and according to Defendants, Plaintiff allegedly owed a debt as that term is defined by 15 U.S.C. § 1692*a*(5).

6. Upon information and belief, Schachter is a law firm engaged in the collection of consumer debts in the State of New Jersey, registered as a limited liability corporation, with its principal place of business located at 3490 U.S. Route 1, Princeton, NJ 08540.

7. Upon information and belief, Schachter is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6) and uses the mails to collect consumer debts in default which are owed or due or alleged to be owed or due to others.

8. Upon information and belief, Calvary SPV I is a Delaware corporation with offices located at 7 Skyline Drive, Hawthorne, New York 10532.

9. Upon information and belief, Calvary SPV I is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6) and uses the mails to collect consumer debts in default which are owed or due or alleged to be owed or due to others.

10. Upon information and belief, Calvary Investments is a Delaware corporation with offices located at 7 Skyline Drive, Hawthorne, New York 10532.

11. Upon information and belief, Calvary Investments is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6) and uses the mails to collect consumer debts in default which are owed or due or alleged to be owed or due to others[1].

---

[1] Calvary SPV I and Calvary Investments may hereinafter be collectively referred to as the "Calvary".

12. At all relevant times, Calvary acted through its agents including, but not limited to Schachter, and its agents' employees, all who were acting within the scope and course of their employment and under the control and supervision of Calvary.

## FACTS

13. Sometime prior to August, 2014, Plaintiff allegedly incurred a financial obligation (the "Alleged Debt") to non-party FIA Card Services, N.A. ("FIA").

14. The Alleged Debt is alleged to have arisen out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes and thus a "debt" as defined by 15 U.S.C. §1692a(5).

15. Unbeknownst to Plaintiff, in or before August, 2014, through Schachter as its attorneys, Calvary SPV I filed a debt collection lawsuit relating to the Alleged Debt in the Superior Court of New Jersey, Law Division, Somerset County, Special Civil Part, proceeding under the caption *FIA Card Services, N.A. v. Matthew Bortnick*, Docket No.: DC-003354-14 (the "Debt Collection Lawsuit").

16. In the Debt Collection Lawsuit, it was contended that the Alleged debt came into default and was then assigned from FIA to Calvary SPV I.

17. Despite the fact that Plaintiff resides in Tel Aviv, Israel, copies of the summons and complaint in the Debt Collection Lawsuit were mailed by Schachter to the home of Plaintiff's father in Hillsborough, New Jersey as purported service of process.

18. Plaintiff never resided at his father's home in Hillsborough, New Jersey nor did he ever reside in Somerset County, New Jersey, the judicial district or similar legal entity in which the Debt Collection Lawsuit was brought.

19. Frightened by his father's receipt of the summons and complaint and unaware of the jurisdictional defects in the Debt Collection Lawsuit, Plaintiff filed a *pro se* answer. To that end, Plaintiff completed a pre-printed answer form provide by the New Jersey Superior Court. The pre-printed answer form included 6 boxes from which the *pro se* litigant could choose a "statement or statements […] which set forth why you claim you do not owe the money to the plaintiff". Of the six options, improper service and lack of personal jurisdiction was not included.

20. Thereafter, Plaintiff hired counsel to defend him in the Debt Collection Lawsuit.

21. In this course of Plaintiff's defense of the Debt Collection Lawsuit, Schachter produced two alleged bills of sale upon which Defendants claim formed the basis of Calvary SPV I's standing.

22. The first bill of sale claimed that the Alleged Debt had been assigned to Calvary SPV I, the named plaintiff in the Debt Collection Lawsuit. However, the second bill of sale alleged that the alleged Debt had been assigned from Calvary SPV I to Calvary Investments who was not a party to the Debt Collection Lawsuit.

23. Thereafter, a settlement was reached in the Debt Collection Lawsuit.

24. Despite knowing that Plaintiff was represented by counsel, Schachter, on behalf of Calvary, sent a debt collection letter dated December 10, 2014 directly to Plaintiff at his father's home in Hillsborough, New Jersey.

25. Upon information and belief, the actions described herein are illustrative of a pattern and practice of Defendants disseminating, *en masse,* debt collection communications and court pleadings produced by non-lawyers, at the instruction of non-

lawyers and without meaningful lawyer review or supervision and without the application of any independent attorney judgment.

26. In the instant case, the lack of any meaningful attorney review of the underlying legal file or consumer account resulted in the failure to identify that Plaintiff resided outside the country and that Plaintiff was ultimately represented by counsel.

27. Upon information and belief, Defendants did not take any steps to review Plaintiff's files to ensure that proper and legal debt collection communications and court pleadings were employed.

28. Upon information and belief, Defendants' forum abuses, unauthorized third party disclosures and improper direct communications with a represented party are part of the business plan developed by Defendants whose high volume consumer debt collection practices are more profitable by not conducting meaningful and effective review of consumer files because the overwhelming majority of consumer debt collection judgments are enforced against *pro se* judgment debtors who are, as a practical matter, incapable of meaningfully challenging even the most inaccurate, false and deficient debt collection efforts.

29. As a result of Defendants' unlawful conduct complained of herein, Plaintiff has sustained actual damages including, but not limited to, injury to reputation, invasion of privacy and out-of-pocket expenses.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FDCPA
(15 U.S.C. § 1692 *et. seq.*)

30. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

31. Defendants have violated the FDCPA in, *inter alia*, the following ways:

(a) 15 US.C. §1692i(a)(2) by bringing a legal action on a debt against Plaintiff in a judicial district or similar legal entity other than that in which Plaintiff signed a contract sued upon or in which Plaintiff resided at the commencement of the action;

(b) 15 U.S.C. §1692e(3) by disseminating a communication relating to the Alleged Debt without conducting a meaningful review of underlying legal file or consumer account;

(c) 15 U.S.C. §1692e(2) in that Defendants made false representations of the character, amount, or legal status of the Alleged Debt;

(d) 15 U.S.C. §1692e(5) in that Defendants threatened, or by extension took, action that cannot legally be taken;

(e) 15 U.S.C. §1692e(10) in that Defendants made false representations and used deceptive means to collect or attempt to collect the Alleged Debt;

(f) 15 U.S.C. §1692b(2) by contacting a third party after knowing that Plaintiff was represented by counsel;

(g) 15 U.S.C. § 1692c(a)(2) by contacting Plaintiff in an attempt to collect an Alleged Debt after obtaining knowledge that Plaintiff was represented by counsel with regard to that Alleged Debt;

(h) 15 U.S.C. §1692f by otherwise using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

32. As a result and consequence of Defendants' repeated violations of the FDCPA alleged herein, Plaintiff has been injured and Plaintiff is thus entitled to an award of damages in accordance with the FDCPA.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages 15 U.S.C. § 1692k(a)(1);

(b) Statutory damages 15 U.S.C. § 1692k(a)(2);

(c) Costs and reasonable attorney's fees 15 U.S.C. § 1692k(a)(3); and

(d) Such other and further relief as may be necessary, just and proper.

6

Dated: Nyack, New York
February 19, 2015

**THE LAW OFFICES OF
ROBERT J. NAHOUM, P.C.**
*Attorneys for Plaintiff*

By /s/ 

**ROBERT J. NAHOUM**
99 Main Street, Suite 311
Nyack, NY 10960
(845) 450-2906
rjn@nahoumlaw.com